**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWAR TIGOR,<br><br>                Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                Respondent. | No. 08-71022<br><br>Agency No. A095-630-007<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Edwar Tigor, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review findings of fact for substantial evidence. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the conclusion that changed circumstances do not excuse Tigor's untimely asylum application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4). Accordingly, Tigor's asylum claim fails.

With respect to withholding of removal, the record does not compel the conclusion that Tigor established past persecution, because the harassment and discrimination he experienced in Indonesia due to his Christian faith did not rise to the level of persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (rejecting claim that being beaten and robbed by youths and accosted in the family car by a threatening mob compelled finding of past persecution); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (holding that unfulfilled threats and a single incident of physical violence did not "evince actions so severe as to compel a finding of past persecution"). The standard applied by the BIA in evaluating past persecution is consistent with our law. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003). Substantial evidence also supports the BIA's determination that Tigor failed to establish a clear probability of future persecution. *See Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of

removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail").

Finally, substantial evidence supports the BIA's denial of Tigor's CAT claim because he failed to show it is more likely than not that he will be tortured at the instigation of, or with the consent or acquiescence of, the Indonesian government. *See id*. at 1067-68.

**PETITION FOR REVIEW DENIED.**